UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**The Scotts Company,**

        **Plaintiff,**

                                                **Case No. C-2-03-1082**

**-V-**                                          **JUDGE SMITH**
                                                **Magistrate Judge Abel**

**ITT Industries, Inc.,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff the Scotts Company's Motion to Strike Non-responsive opinions of Defendant ITT Industries, Inc.'s Expert Witness (Doc. 52). Plaintiff moves pursuant to Rules 26(a)(2) and 37(c) of the Federal Rules of Civil Procedure, the October 26, 2004 Preliminary Pretrial Order (Doc. 14), and the September 21, 2005 Discovery and Scheduling Conference Order (Doc. 42), that portions of the report by Defendant's expert John C. Coates IV should be stricken as not responsive to the report of Plaintiff's expert Donn McVeigh.

In accordance with this Court's discovery orders, the deadline to disclose a primary expert was March 31, 2006. The deadline to disclose responsive experts was May 30, 2006. The difference between primary and responsive experts was explained in the pretrial order which states:

> Ordinarily plaintiff's experts make their Rule 26(a)(2) disclosures, then defendant's experts respond with their disclosures. But when plaintiff truly intends to offer no expert testimony supporting his or her claims (but the defendant chooses to offer expert testimony on them) or a defendant intends to support a defense with expert testimony, then the defendant's experts must make their disclosures by the first deadline. Rebuttal experts are strictly limited to rebutting unanticipated opinions expressed by a responsive expert.

Plaintiff argues that some of Defendant's expert's opinions are primary opinions and not responsive to Plaintiff's expert. Plaintiff asserts that Defendant failed to disclose any primary expert opinions by the deadline and therefore to be permitted to make such disclosures now would prejudice Plaintiff. Plaintiff argues that it would be prejudiced because there is no additional time available for it to submit a rebuttal expert report.

Plaintiff is correct in stating that the Court has the ability to strike the non-responsive opinions of Defendant's expert for failing to make timely disclosures. *See* Fed. R. Civ. P. 37(c); *see also* 6 James W. Moore, *Moore's Federal Practice* §26.23[3], at 26-80.3 (3d ed. 2006). If the procedural history of this case were such that the case had progressed and was ready for trial or even if a trial date had been set, then the Court would most likely exclude the non-responsive expert testimony. However, this case is still in the early stages of litigation. There is not trial date scheduled. Therefore, the Court will permit all the opinions of Defendant's expert witnesses. The Court will further allow Plaintiff to submit any responsive expert witness reports by March 30, 2007, so as not to prejudice Plaintiff.

**III.    CONCLUSION**

Based on the aforementioned, Plaintiff's Motion to Strike is **DENIED**.

The Clerk shall remove this Motion (Doc. 52) from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**